**UNITED STATES, Appellant,**

v.

**Alfred E. BOWLES, Jr., Appellee.**

**No. 6678.**

District of Columbia Court of Appeals.

Argued Dec. 13, 1972.

Decided April 30, 1973.

Robert E. L. Eaton, Jr., Asst. U. S. Atty., with whom Harold H. Titus, Jr., U. S. Atty., John A. Terry and Daniel J. Bernstein, Asst. U. S. Attys., were on the brief, for appellant.

William H. Seckinger, with whom Edward C. O'Connell, Washington, D. C., was on the brief, for appellee.

Before GALLAGHER and PAIR, Associate Judges, and HOOD, Chief Judge, Retired.

HOOD, Chief Judge, Retired:

In a two-count indictment appellee was charged with assault with a dangerous weapon.[1] His pretrial motion to suppress certain evidence was granted and the government has appealed.[2] Finding the evidence to have been lawfully seized, we reverse.

The government's witness, a police detective, testified that at about midnight he responded to a call and there was told by two female college students that they, after each had made a purchase at a pastry shop, had attempted to hitchhike a ride home and were picked up by a young man driving a blue van-type truck. The rear of the truck was equipped as a "camper" and contained two cots, a table, a refrigerator and a sink. Before reaching their home, the girls said, the man stopped the truck and asked their help in fixing the sink which he said needed repairing. They agreed and all three entered the camper section of the truck. There he produced a revolver and ordered them to lie face down on the cots. He said he was going to take them "out in the country" and threatened to blow one's brains out if she did not shut up. He tied the hands of one girl and was attempting to tie her feet when she managed to free herself. A struggle ensued and both girls succeeded in escaping from the truck, leaving behind the two bags of pastry and a pair of eyeglasses one of the girls lost in the struggle.

The detective took the girls in his car and cruised around the vicinity in an effort to

---

1. D.C.Code 1967, § 22–502.

2. D.C.Code 1972 Supp., § 23–104(a)(1).

find the man and his truck. They encountered a police officer who told them he knew of such a truck and knew where it was usually parked. They went there and found a blue camper-type truck parked on the street.[3] The girls immediately identified the truck as the one sought. It was parked under a street light and the detective, looking through the front, saw in the rear two white paper bags and a pair of eyeglasses on the floor.

The girls were then taken home and the detective obtained the name and address of the registered owner of the truck, appellee here. Accompanied by two officers, the detective went to the address, a house in the same block in which the truck was parked, and was received by a woman who said she was appellee's grandmother and that he was upstairs asleep. They went upstairs and found appellee in bed. He admitted his name was Alfred Bowles, that he owned the truck, and had been driving it earlier in the evening. He denied picking up any girls and denied owning a revolver. He was then arrested and was told he could either surrender the keys to the truck so it could be driven to the precinct or it would be towed there. He surrendered the keys and an officer drove the truck to the precinct. There the two paper bags, containing pastry, and the eyeglasses were taken from the truck. It was searched for weapons but none were found.

The trial court ruled that the arrest was lawful and appellee does not question that ruling; but the court ruled that the warrantless search of the truck was unlawful and ordered suppressed the articles taken from it. In so doing the court relied heavily on Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971).

Because the plurality opinion in *Coolidge* was not fully concurred in by Justice Harlan, doubts have been expressed as to the binding effect of much that was said in *Coolidge*. For example, it has been said that neither the discussion in *Coolidge* of the "plain view doctrine" nor of the "Carroll-Chambers" issue was that of the Court and therefore of no binding effect. *See* North v. Superior Court, 8 Cal.3d 301, 502 P.2d 1305, 104 Cal.Rptr. 883 (1972) and People v. McKinnon, 7 Cal.3d 899, 500 P.2d 1097, 103 Cal.Rptr. 897 (1972); and *compare* Brown v. State, 15 Md.App. 584, 292 A.2d 762 (1972). We need not attempt to determine the exact holding in *Coolidge* as we think it is clearly distinguishable on its facts from the present case.

Any factual view of *Coolidge* must begin with the fact that the seizure and search of the automobile was pursuant to an invalid search warrant. That basic fact established three facts emphasized throughout the opinion: (1) the police had known for some time of the probable role of the car in the crime, (2) the police had ample time to obtain a warrant, and (3) the police intended to seize the car when they went to the Coolidge home. Obviously, none of those factors existed in the present case. Furthermore, in *Coolidge* the car was parked on private property while here the truck was parked on a public street with some of the articles sought exposed to public view. And, apparently of great importance because emphasized in at least four instances in the opinion, in *Coolidge* the objects sought were not contraband or stolen goods or weapons. Here, while the bags and eyeglasses technically may not have been stolen property, they did not belong to appellee and had been left in the truck unwillingly by the rightful owners. And here the officers had reason to believe that the revolver used by appellee might be concealed in the truck.

The facts in *Coolidge* are so greatly different that we think it has little bearing on the present case. Indeed, it has been said that the "extreme facts" in *Coolidge* make it "virtually *sui generis*." King v.

---

3. The detective said the vehicle appeared to be an old mail truck which had been converted into a camper.

State, 16 Md.App. 546, 298 A.2d 446, 453 (1973).

Whatever may be the holding in *Coolidge*, it did not overrule Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970). In *Chambers* it was said:

> For constitutional purposes, we see no difference between on the one hand seizing and holding a car before presenting the probable cause issue to a magistrate and on the other hand carrying out an immediate search without a warrant. Given probable cause to search, either course is reasonable under the Fourth Amendment. [399 U.S. at 52, 90 S.Ct. at 1981]

We have recently construed *Chambers* as "approving searches without a warrant where there is probable cause to believe that an automobile contains articles that police officers are entitled to seize." Patterson v. United States, D.C.App., 301 A.2d 67, 70 (1973). Under that ruling it is clear that the search here was lawful.

Reversed.