**STATE of Minnesota, Appellant,**

v.

**Thomas Daniel LEPLEY, Respondent.**

**No. C9–83–1033.**

Supreme Court of Minnesota.

Feb. 10, 1984.

**42**

Hubert H. Humphrey, III, Atty. Gen., Thomas F. Catania, Sp. Asst. Atty. Gen., St. Paul, James T. Reuter, Asst. Chisago County Atty., Center City, for appellant.

C. Paul Jones, State Public Defender, Minneapolis, for respondent.

YETKA, Justice.

This is a pretrial appeal by the state, pursuant to Minn.R.Crim.P. 29.03 (1982), from an order of the district court suppressing evidence, namely, a handgun, in a prosecution of defendant for assault with a dangerous weapon, Minn.Stat. § 609.222 (1982). The general issue raised by the state is whether the district court erred in its determination that the police violated defendant's Fourth Amendment rights in searching a motor home without a warrant, a probable cause search that took place on a highway shortly after defendant and another man were lawfully stopped and arrested. The district court reasoned that the so-called motor vehicle exception to the search warrant requirement did not apply to the vehicle in question because it was a motor home.

There are cases on both sides of the issue.[1] We believe that the cases applying the motor vehicle exception to such vehicles are more persuasive. The main reasons underlying the motor vehicle exception are the mobility of the motor vehicle and the fact that it is unreasonable for people to expect the same privacy in motor vehicles that they have in their homes. 2 W. LaFave, *Search and Seizure*, § 7.2

---

1. Cases applying the motor vehicle exception to motor homes, camper vans and so on include: *United States v. Combs*, 672 F.2d 574 (6th Cir. 1982), *cert. denied*, 458 U.S. 1111, 102 S.Ct. 3495, 73 L.Ed.2d 1345 (1982); *United States v. Hudson*, 601 F.2d 797 (5th Cir.1979); *United States v. Miller*, 460 F.2d 582 (10th Cir.1972); *United States v. Bowles*, 304 A.2d 277 (D.C.App.1973); *State v. Francoeur*, 387 So.2d 1063 (Fla.App. 1980); and *State v. Mower*, 407 A.2d 729 (Me. 1979). Cases refusing to apply the motor vehicle exception to such vehicles include: *United States v. Wiga*, 662 F.2d 1325 (9th Cir.1981), *cert. denied*, 456 U.S. 918, 102 S.Ct. 1775, 72 L.Ed.2d 178 (1982) (relied upon by trial court), and *United States v. Williams*, 630 F.2d 1322 (9th Cir.1980), *cert. denied, see* 449 U.S. 865, 101 S.Ct. 197, 66 L.Ed.2d 83 (1980). The cases are collected at 2 W. LaFave, *Search and Seizure*, § 7.2 n. 2 (1978 & Supp.1984). Professor LaFave takes the position that the principles expressed in the cases concerning automobiles "are equally applicable" to other motor vehicles.

(1978). It is not clear from the record that the vehicle in this case was actually being used as a home. However, in this case, the vehicle was mobile and was being used as a motor vehicle at the time of the search. Under the circumstances, we believe that it was error to hold that the motor vehicle exception does not apply.

Reversed and remanded for trial.